HENRY CONVERSE *vs.* ROYAL P. WALES & another.
EDWIN CONVERSE *vs.* SAME.

In order to show that the omission by a testator to make provision in his will for certain of his children was intentional, parol evidence is competent to show that at various times within twenty years before making his will the testator declared that he had already made provision for them and should give them nothing more; and former wills, in which he made no provision for them, may be introduced in evidence for the same purpose.

Two APPEALS from the decree of the judge of probate, disallowing petitions for distributive shares of the estate of James Dimmick, deceased.

At the trial in this court, before *Dewey,* J., it appeared that the petitioners were sons of said Dimmick and Hannah Converse, born out of wedlock, and that the parents subsequently, in 1840, intermarried, and the father acknowledged the petitioners as his children; and on the 12th of July 1858 Dimmick executed his last will, making no provision for or mention of the petitioners therein.

In order to show that this omission was intentional, the respondents were allowed to introduce evidence of declarations by the testator, made at various times within twenty years, that he had provided for the petitioners by a marriage contract with said Hannah, and should give them nothing more; and Benjamin G. Hyde testified that from fifteen to twenty years ago, in a conversation with Dimmick about another matter, Dimmick told him that he had a wife and three children, James Dimmick, Jr., Elfleda Pendleton and William Dimmick, and that these three would have all his property; that his wife, Hannah, would have $1000, and would not spend it, and when she died it would go to Henry and Edwin Converse. Several former wills, in which no provision was made for the petitioners, were also introduced in evidence and read to the jury.

The judge instructed the jury that it was incumbent on the respondents to show that the omission by the testator to make provision for the petitioners was intentional, and not occasioned

by accident or mistake; that this question was solely in refer-ence to the will of July 12th 1858, and all the evidence as to former wills or as to the testator's declarations was immaterial, except as it had a bearing in connection with the making of the last will, to satisfy them of his purpose and intention at that time.

The jury returned a verdict for the respondents; and to the admission of the above evidence the petitioners alleged excep-tions.

*E. D. Beach,* for the petitioners.

*N. A. Leonard,* for the respondents.

BIGELOW, C. J.* Under the provision in Rev. Sts. *c.* 62, § 21, reënacted in Gen. Sts. *c.* 92, § 25, which provides that where a testator omits to make provision in his will for any of his children or for the issue of any deceased child, they shall take the same share of his estate to which they would have been entitled if he had died intestate, unless they shall have been provided for in his lifetime, or unless it appears that such omission was intentional and not occasioned by accident or mistake, it has been held by this court that parol evidence is admissible to show that the testator made such omission by design. *Wilson* v. *Fosket,* 6 Met. 400. *Bancroft* v. *Ives,* 3 Gray, 367. Such being the rule, it seems to us to be quite clear that the evidence offered at the trial of this case, to which objection is taken, was competent and relevant. The issue was, whether the omission of the appellants in the will of the testator was intentional and not occasioned by mistake or oversight. We know of no mode of proving this intent of a deceased person more direct and satisfactory, in the absence of written evidence, than his acts and declarations on the subject while living. Es-pecially is this so, when they are made in connection with acts relating to the final testamentary disposition of his estate. The previous wills made by the testator are in the nature of declara-tions having a direct bearing on the issue. They tend directly

---

* CHAPMAN, J. did not sit in these cases.

to show, if the same omission existed in them as is found in the will offered for probate, that it was not occasioned by forgetfulness, mistake or any accidental circumstances, but was the result of a well settled and deliberately formed purpose. In this view, the testimony of Hyde was competent. Although the declarations testified to by him were made at a comparatively remote period from the time of making the last will of the testator, they tended to prove that he then had a fixed design in regard to the disposition of his estate, by which the appellants would be excluded from any share therein. The instructions given to the jury were carefully guarded, so as to prevent them from misapplying the evidence or making erroneous inferences therefrom. .

*Verdict affirmed.*